CHARLES POST (California State Bar No. 160443)
W. SCOTT CAMERON (California State Bar No. 229828)
WEINTRAUB GENSHLEA CHEDIAK
400 Capitol Mall, 11th Floor
Sacramento, California  95814
Telephone:  (916) 558-6000
Facsimile:    (916) 446-1611

Attorneys for Plaintiff
SOLVESON CRANE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLVESON CRANE COMPANY,<br><br>             Plaintiff,<br><br>       v.<br><br>D.H. BLATTNER & SONS, INC., et al.,<br><br>             Defendants.<br>_____ | **No. 1:05-CV-00826-OWW-SMS**<br><br>**STIPULATION AND PROPOSED ORDER CONTINUING SCHEDULING CONFERENCE AND INITIAL DISCLOSURES**<br><br>**Date:  October 19, 2005**<br>**Time:  8:45 a.m.**<br>**Place:  Courtroom 2**<br><br>**The Honorable Oliver W. Wanger** |

         Plaintiff Solveson Crane Company ("Solveson") and Defendant D.H. Blattner & Sons, Inc. ("Blattner") respectfully request the Court to continue the Scheduling Conference, scheduled for October 19, 2005, and the initial Rule 26 disclosures, based on the following facts:

         1.     On or about January 14, 2005, Solveson filed a voluntary Chapter 11 Bankruptcy Petition, *In re Solveson Crane Company*, United States Bankruptcy Court, Eastern District of California, Case No. 05-20490-A-11. Solveson was in the business of supplying cranes and related equipment and labor on construction jobs.

STIPULATION AND ORDER
1

2. On or about May 6, 2005, Solveson, as a debtor in possession, filed this lawsuit with the Kern County Superior Court, Case No. S-1500-CV. In the Complaint, Solveson alleges it is owed in excess of $4,797,608.84 for labor and materials it supplied on a construction project for the erection of windmill towers at the Oasis Wind Farm in Mojave, California. The complaint contains causes of action for breach of contract, unjust enrichment, quantum meruit, violation of California's "prompt payment" statutes, and foreclosure on a mechanic's lien. Blattner was the general contractor on the construction project.

3. On or about May 10, 2005, Solveson's Chapter 11 bankruptcy case was converted to Chapter 7 and Larry Gray was appointed as Chapter 7 Trustee (*In re Solveson Crane Company, Inc.*, United States Bankruptcy Court, Eastern District of California, Case No. 05-20490-A-7).

4. On or about June 24, 2005, Blattner filed with this Court a Notice of Removal, alleging this Court has jurisdiction over Solveson's lawsuit pursuant to Title 28 U.S.C. Section 1334(b) because it is related to a case under Title 11 and pursuant to Title 28 U.S.C. Section 1332 based on diversity jurisdiction.

5. On or about July 1, 2005, Blattner filed its Answer to the Complaint.

6. On or about July 25, 2005, Solveson filed a motion to remand the case. The motion was calendared to be heard on September 9, 2005.

7. On or about August 19, 2005, Blattner filed a motion to stay the instant case and compel arbitration. The motion was calendared to be heard on September 26, 2005.  On August 22, 2005, the Court continued the hearing on Solveson's remand motion to September 26, 2005, so that it could be heard concurrently with Blattner's motion to stay the case and compel arbitration.

8. Blattner also wishes to assert counterclaims against Solveson that arise from the same set of facts as Solveson's claims against Blattner, but Blattner cannot immediately do so because of the automatic stay, Bankruptcy Code

STIPULATION AND ORDER
2

Section 362(a). Counsel for Blattner and Solveson have entered into a stipulation granting limited relief from the automatic stay to Blattner, which, if it is approved by the Bankruptcy Court, will allow Blattner to assert such counterclaims in this case (with the approval of this Court). That stipulation is being submitted to the Bankruptcy Court for approval (on notice to all creditors of the Solveson Bankruptcy estate).

9. With the appointment of Larry Gray as Chapter 7 Trustee over the estate of Solveson, it is anticipated there will be a substitution of counsel made within the next few days.[1]

10. With the appointment of Mr. Gray as Chapter 7 Trustee, the parties have engaged in discussions regarding possible methods of alternative dispute resolution, and they have agreed to conduct a voluntary mediation to attempt to obtain a global resolution of Solveson's claims and Blattner's counterclaims.  The parties are in the process of selecting a mediator. The parties anticipate the process of selecting a mediator and a date for the mediation can be completed promptly once new counsel for Mr. Gray has substituted into the case.

11. Therefore, on or about September 12, 2005, the parties submitted to the Court a joint stipulation continuing the hearings on the motion to remand the case and the motion to stay the case and compel arbitration.  The stipulation stated the parties anticipate holding the mediation within the next 60 days, and, accordingly, requested the Court to continue the hearings on both motions to December 5, 2005 (or another date and time convenient to the Court).

12. The stipulation was so ordered by the Court on September 16, 2005. The Court continued the hearings on both motions to December 12, 2005, to be heard by the Honorable Oliver W. Wanger.

---

[1] As Chapter 7 Trustee, Mr. Gray has the authority to prosecute this case in place of Solveson, since it is property of the bankruptcy estate. If the Court wishes, Mr. Gray will file appropriate papers to substitute himself as plaintiff in place of Solveson.

STIPULATION AND ORDER
3

1          13.   The parties intend forthwith to engage in a limited document
2 exchange in a good faith effort to improve the likelihood of success that this matter will
3 be resolved by mediation. It is the intent of the parties to conduct the mediation in
4 October or November 2005.
5          14.   If the mediation does not dispose of the entire case, the motions,
6 which will be heard on December 12, 2005, are both dispositive motions regarding the
7 issue of whether this case will remain with this Court.
8          15.   There is currently a scheduling conference scheduled for
9 October 19, 2005, at 8:45 a.m.
10          16.   Based on the fact that the parties have agreed to mediate this case
11 in an effort to resolve the entire case and that if the mediation is not successful the
12 Court will then decide two potentially dispositive motions, it is in the interests of judicial
13 efficiency and economy to continue the Scheduling Conference and the initial
14 disclosures until it is determined whether the matter is resolved by way of mediation or
15 whether this Court will retain jurisdiction over the case in response to the two pending
16 motions. Moreover, as indicated above, the pleadings are not yet set because Blattner
17 has not yet been granted permission to file its counterclaim.  This matter should not be
18 set for a Scheduling Conference until the pleadings are set.
19          17.   Rule 16(b) of the Federal Rules of Civil Procedure specifically
20 allows the timing of the scheduling conference and related matters to be modified by
21 leave of the Court on a showing of good cause.

STIPULATION AND ORDER
4

18.     Therefore, the parties jointly request that the Scheduling Conference be continued to a date approximately 30 days from the December 12, 2005, hearing date on the two pending motions to allow the parties an opportunity to resolve this case by way of mediation.

Dated: October 4, 2005                           WEINTRAUB GENSHLEA CHEDIAK


By:  /s/ W. Scott Cameron
     W. SCOTT CAMERON
     Attorneys for Plaintiff
     SOLVESON CRANE COMPANY

Dated: October 4, 2005                           THELEN REID & PRIEST, LLP


By:  /s/ Margaret E. Garms (as authorized on October 4, 2005)
     MARGARET E. GARMS
     Attorneys for Defendant
     D.H. BLATTNER & SONS, INC.

O R D E R

IT IS SO ORDERED.


**THE SCHEDULING CONFERENCE IN THIS MATTER IS CONTINUED FROM OCTOBER 19, 2005 TO FEBRUARY 17, 2006 AT 8:45 a.m.**


Dated: October 5, 2005                           /s/ OLIVER W. WANGER
                                                 UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER

5