MARY E. OLDEN (109373)
ANDRÉ K. CAMPBELL (188585)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.442.2780

Attorneys for Lawrence G. Gray
as Bankruptcy Trustee for
Solveson Crane Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SOLVESON CRANE COMPANY, | No. **1:05-CV-00826-OWW-SMS** |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER CONTINUING SCHEDULING CONFERENCE** |
| D. H. BLATTNER & SONS, INC., et al., | |
| Defendants. | **The Honorable Oliver W. Wanger** |

Lawrence G. Gray,[1] as bankruptcy trustee for plaintiff Solveson Crane Company and as transferee of its interest pursuant to 11 U.S.C. section 541 and Rule 25 of the Fed. R. Civ. P., and defendant D. H. Blattner & Sons, Inc. ("Blattner" or "defendant") hereby agree to and request that the Court issue its order continuing until June 15, 2006 the scheduling conference currently set for February 17, 2006, based on the following facts:

   1.   On or about January 14, 2005, Solveson filed a voluntary chapter 11 bankruptcy petition, *In re Solveson Crane Company*, United States Bankruptcy Court, Eastern District of California, Case No. 05-20490. Solveson was in the business of supplying cranes and related

---

[1] Mr. Gray will, if the Court wishes, file a request to substitute himself as assignee of the plaintiff's claim.



- 1 -

PDF created with pdfFactory trial version www.pdffactory.com

equipment and labor on construction jobs.

2. On or about May 6, 2005, Solveson, as a debtor in possession, filed this lawsuit with the Kern County Superior Court, Case No. S-1500-CV. Solveson alleges in the complaint that it is owed in excess of $4,797,608.84 for labor and materials it supplied on a construction project for the erection of windmill towers at the Oasis Wind Farm in Mojave, California. The complaint contains causes of action for breach of contract, unjust enrichment, *quantum meruit*, violation of California's "prompt payment" statutes, and foreclosure of a mechanic's lien. Blattner was the original general contractor on the construction project.

3. On or about May 10, 2005, Solveson's chapter 11 bankruptcy case was converted to chapter 7 and Mr. Gray was appointed chapter 7 trustee.

4. On or about June 24, 2005, Blattner filed with this Court a Notice of Removal, alleging this Court has jurisdiction over Solveson's lawsuit pursuant to Title 28 U.S.C. Section 1334(b) because it is related to a case under Title 11 and pursuant to Title 28 U.S.C. Section 1332 based on diversity jurisdiction.

5. On or about July 1, 2005, Blattner filed its answer to the complaint.

6. On or about July 25, 2005, Solveson filed a motion to remand the case. The motion was calendared to be heard on September 9, 2005.

7. On or about August 19, 2005, Blattner filed a motion to stay the instant case and compel arbitration. The motion was calendared to be heard on September 26, 2005. On August 22, 2005, the Court continued the hearing on Solveson's remand motion to September 26, 2005, so that it could be heard concurrently with Blattner's motion to stay the case and compel arbitration.

8. On or about September 12, 2005, the parties submitted to the Court a joint stipulation continuing the hearings on the motion to remand the case and the motion to stay the case and compel arbitration. The stipulation stated the parties anticipate holding the mediation within the next 60 days and, accordingly, requested the Court to continue the hearings on both motions to December 5, 2005 (or another date and time convenient to the Court).

9. The stipulation was so ordered by the Court on September 16, 2005. The Court continued the hearings on both motions to December 12, 2005, to be heard by the Honorable Oliver

- 2 -

1  W. Wanger.

2  10.  At the time of Mr. Gray's appointment, plaintiff was represented by Weintraub Genshlea Chediak which had filed the action on Solveson's behalf, and was still counsel when Mr. Gray succeeded to plaintiff's right to prosecute the action.  In the interim, two attorneys with that firm who had primary responsibility for representing plaintiff, Donna T. Parkinson and Thomas G. Trost, left the firm.  As a result, Mr. Gray sought other counsel.  On November 21, 2005, the bankruptcy court appointed McDonough Holland & Allen PC as counsel for Mr. Gray in this action.

11.  At the request of the parties, the Court continued to March 20, 2006 the hearings on the motions for remand and to compel arbitration, on the bases that Mr. Gray's new counsel needed time to familiarize itself with the case and that the mediation, if successful, would moot the two motions.

12.  The parties have selected a mediator, Kenneth C. Gibbs, and Mr. Gibbs has agreed to mediate the dispute.  The parties selected a mediation date, February 16, 2006.

13.  If the mediation does not dispose of the entire case, the motions are both dispositive motions regarding the issue of whether this case will remain with this Court.

14.  Based on the fact that the parties have agreed to mediate this case in an effort to resolve the entire case and that if the mediation is not successful the Court will then decide two potentially dispositive motions, it is in the interests of judicial efficiency and economy to continue the Scheduling Conference and the initial disclosures until it is determined whether the matter is resolved by way of mediation or whether this Court will retain jurisdiction over the case in response to the two pending motions.

15.  Rule 16(b) of the Federal Rules of Civil Procedure specifically allows the timing of the scheduling conference and related matters to be modified by leave of the Court on a showing of good cause.

WHEREFORE, the parties jointly request that the Court issue its order so providing.

/ / /

[signatures on following page]



Stipulation and Proposed Order Continuing Hearings               893938v2 35894/0001

PDF created with pdfFactory trial version www.pdffactory.com

Dated: Jan. 30, 2006

MCDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By:    */s/ Mary E. Olden*
        Mary E. Olden

Attorneys for Lawrence G. Gray, as Bankruptcy Trustee for Solveson Crane Company

Dated: 1/30/06

FABYANSKE, WESTRA, HART & THOMSON, P.A.

By:    */s/ Kyle E. Hart*
        Kyle E. Hart

Attorneys for Defendants D. H. Blattner & Sons, Inc., et al.

**IT IS SO ORDERED**

Dated:    Jan. 30, 2006

/s/ OLIVER W. WANGER

HON. OLIVER W. WANGER
JUDGE OF THE U. S. DISTRICT COURT



PDF created with pdfFactory trial version www.pdffactory.com