MARY E. OLDEN (109373)
ANDRÉ K. CAMPBELL (188585)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.442.2780

Attorneys for Lawrence G. Gray
as Bankruptcy Trustee for
Solveson Crane Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| SOLVESON CRANE COMPANY, | No. 1:05-CV-00826-OWW-SMS |
|---|---|
| Plaintiff, | |
| v. | **STIPULATION AND PROPOSED ORDER CONTINUING HEARINGS ON MOTIONS TO REMAND AND TO COMPEL ARBITRATION** |
| D. H. BLATTNER & SONS, INC., et al., | |
| Defendants. | Date: April 10, 2006<br>Time: 10:00 a.m.<br>Place: Courtroom 2 |
| | **The Honorable Oliver W. Wanger** |

Lawrence G. Gray,[1] as bankruptcy trustee for plaintiff Solveson Crane Company and as transferee of its interest pursuant to 11 U.S.C. section 541 and Rule 25 of the Fed. R. Civ. P., and defendant D. H. Blattner & Sons, Inc. ("Blattner" or "defendant"), hereby stipulate that the Court continue until April 10, 2006 the hearings on the motion of plaintiff to remand this action to state court and the hearing on the motion of defendants to compel arbitration, which are currently set for hearing on March 22, 2006, based on the following facts:

1. On or about January 14, 2005, Solveson filed a voluntary chapter 11 bankruptcy petition, *In re Solveson Crane Company*, United States Bankruptcy Court, Eastern District of

---

[1] Mr. Gray will, if the Court wishes, file a request to substitute himself as assignee of the plaintiff's claim.



- 1 -

PDF created with pdfFactory trial version www.pdffactory.com

1  California, Case No. 05-20490. Solveson was in the business of supplying cranes and related
2  equipment and labor on construction jobs.

3      2. On or about May 6, 2005, Solveson, as a debtor in possession, filed this lawsuit with
4  the Kern County Superior Court, Case No. S-1500-CV. Solveson alleges in the complaint that it is
5  owed in excess of $4,797,608.84 for labor and materials it supplied on a construction project for the
6  erection of windmill towers at the Oasis Wind Farm in Mojave, California. The complaint contains
7  causes of action for breach of contract, unjust enrichment, *quantum meruit*, violation of California's
8  "prompt payment" statutes, and foreclosure of a mechanic's lien. Blattner was the original general
9  contractor on the construction project.

10      3. On or about May 10, 2005, Solveson's chapter 11 bankruptcy case was converted to
11  Chapter 7 and Larry Gray was appointed chapter 7 trustee.

12      4. On or about June 24, 2005, Blattner filed with this Court a Notice of Removal,
13  alleging this Court has jurisdiction over Solveson's lawsuit pursuant to Title 28 U.S.C.
14  Section 1334(b) because it is related to a case under Title 11 and pursuant to Title 28 U.S.C.
15  Section 1332 based on diversity jurisdiction.

16      5. On or about July 1, 2005, Blattner filed its answer to the complaint.

17      6. On or about July 25, 2005, Solveson filed a motion to remand the case. The motion
18  was calendared to be heard on September 9, 2005.

19      7. On or about August 19, 2005, Blattner filed a motion to stay the instant case and
20  compel arbitration. The motion was calendared to be heard on September 26, 2005. On August 22,
21  2005, the Court continued the hearing on Solveson's remand motion to September 26, 2005, so that it
22  could be heard concurrently with Blattner's motion to stay the case and compel arbitration.

23      8. Blattner obtained relief from the automatic stay in Solveson's bankruptcy case,
24  allowing Blattner to assert such counterclaims in this case, which Blattner has done, and to which
25  Mr. Gray has responded.

26      9. On or about September 12, 2005, the parties submitted to the Court a joint stipulation
27  continuing the hearings on the motion to remand the case and the motion to stay the case and compel
28  arbitration. The stipulation stated the parties anticipate holding the mediation within the next

Stip. and Proposed Order Cont. Hearings on Motions to Remand and to Compel Arbitration    877106v3 35894/0001

PDF created with pdfFactory trial version www.pdffactory.com

60 days, and, accordingly, requested the Court to continue the hearings on both motions to December 5, 2005 (or another date and time convenient to the Court).

10. The stipulation was so ordered by the Court on September 16, 2005. The Court continued the hearings on both motions to December 12, 2005, to be heard by the Honorable Oliver W. Wanger.

11. At the time of Mr. Gray's appointment, plaintiff was represented by Weintraub Genshlea Chediak which had filed the action on Solveson's behalf, and was still counsel when Mr. Gray succeeded to plaintiff's right to prosecute the action. In the interim, two attorneys with that firm who had primary responsibility for representing plaintiff, Donna T. Parkinson and Thomas G. Trost, left the firm. As a result, Mr. Gray sought other counsel. On November 21, 2005, the bankruptcy court appointed McDonough Holland & Allen PC as counsel for Mr. Gray in this action. A true and correct copy of the order appointing McDonough Holland & Allen PC is attached hereto as **Exhibit A**.

12. The parties are now preparing to go to mediation before mediator Kenneth C. Gibbs. The parties originally selected a mediation date, February 16, 2006, in order to give McDonough Holland & Allen PC time to familiarize itself with the case. In anticipation of mediation, the parties have engaged in a limited document exchange in a good faith effort to improve the likelihood that this matter will be resolved by mediation.

13. The necessity for Mr. Gray to obtain new counsel, and to obtain an order from the Bankruptcy Court appointing and authorizing that counsel to act, delayed the mediation date. The mediation is now set for March 10, and the parties are in the process of exchanging briefs and exhibits, as well as providing them to the mediator.

14. If the mediation does not dispose of the entire case, the motions are both dispositive motions regarding the issue of whether this case will remain with this Court.

15. Based on the fact that the parties have agreed to mediate this case in an effort to resolve the entire case and that, if the mediation is successful, the Court will not need to hear and decide two potentially dispositive motions, it is in the interests of judicial efficiency and economy to continue the hearings on the motion to remand and to compel the arbitration until it is determined

PDF created with pdfFactory trial version www.pdffactory.com

1  whether the matter is resolved by way of mediation.

2      16.    In the event the mediation is unsuccessful, the parties request a continued hearing
3  date on April 10, 2006, approximately one month after the mediation date.

4      WHEREFORE, the parties jointly request that the hearings on the motions for remand and to
5  compel arbitration be heard on April 10, 2006, to allow the parties an opportunity to resolve this
6  action by mediation.

7  Dated: March 3, 2006

8          McDONOUGH HOLLAND & ALLEN PC
        Attorneys at Law

10          By: */s/ Mary E. Olden*
            Mary E. Olden

11          Attorneys for Lawrence G. Gray, as Bankruptcy
        Trustee for Solveson Crane Company

12  Dated: March 3, 20906

13          FABYANSKE, WESTRA, HART & THOMSON,
        P.A.

16          By: */s/ Kyle E. Hart*
            Kyle E. Hart

17          Attorneys for Defendants D. H. Blattner & Sons, Inc.,
        et al.

20      **IT IS SO ORDERED**

21    Dated:    March 8, 2006        /s/ OLIVER W. WANGER
                                            OLIVER W. WANGER
                                            JUDGE OF THE U. S. DISTRICT COURT



PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| COURT: | United States District Court, Eastern District of California, Fresno Division No. 1:05-CV-00826-OWW-SMS |
| CASE: | *Solveson Crane Company v. D. H. Blattner & Sons, Inc., et al.* |

PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California.  I am over the age of 18 years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 3, 29006, I served a copy of the attached:

**Stipulation and Proposed Order Continuing Hearings on Motions to Remand and to Compel Arbitration**

☒ **by transmitting via email** the document(s) listed above on this date before 5:00 p.m.

Representing D. H. Blattner & Sons, Inc.          Kyle E. Hart , Esq.
                                                  Fabyanske, Westra, Hart and Thomson, P. A.
                                                  800 LaSalle Avenue , Suite 1900
                                                  Minneapolis, MN 55402

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on March 3, 2006.

                              */s/ Marsha Stamper*
                              MARSHA STAMPER

