MARY E. OLDEN (109373)
ANDRÉ K. CAMPBELL (188585)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:     916.442.2780

Attorneys for Lawrence G. Gray
as Bankruptcy Trustee for
Solveson Crane Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SOLVESON CRANE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>D. H. BLATTNER & SONS, INC., et al.,<br><br>  Defendants. | **No. 1:05-CV-00826-OWW-SMS**<br><br>**STIPULATION AND ORDER CONTINUING HEARINGS ON MOTIONS TO REMAND AND TO COMPEL ARBITRATION**<br><br>Date:  May 15, 2006<br>Time:  10:00 a.m.<br>Place:  Courtroom 2<br><br>**The Honorable Oliver W. Wanger** |

Lawrence G. Gray,[1] as bankruptcy trustee for plaintiff Solveson Crane Company and as transferee of its interest pursuant to 11 U.S.C. section 541 and Rule 25 of the Fed. R. Civ. P., and defendant D. H. Blattner & Sons, Inc. ("Blattner" or "defendant") hereby stipulate that the Court continue until May 15, 2006 the hearings on the motion of plaintiff to remand this action to state court and the hearing on the motion of defendants to compel arbitration, which are currently set for hearing on April 10, 2006, based on the fact that the parties have reached settlement at mediation and on the following:

    1.      On or about January 14, 2005, Solveson filed a voluntary chapter 11 bankruptcy

---

[1] Mr. Gray will, if the Court wishes, file a request to substitute himself as assignee of the plaintiff's claim.



- 1 -

PDF created with pdfFactory trial version www.pdffactory.com

petition, *In re Solveson Crane Company*, United States Bankruptcy Court, Eastern District of California, Case No. 05-20490. Solveson was in the business of supplying cranes and related equipment and labor on construction jobs.

     2.     On or about May 6, 2005, Solveson, as a debtor in possession, filed this lawsuit with the Kern County Superior Court, Case No. S-1500-CV. Solveson alleges in the complaint that it is owed in excess of $4,797,608.84 for labor and materials it supplied on a construction project for the erection of windmill towers at the Oasis Wind Farm in Mojave, California. The complaint contains causes of action for breach of contract, unjust enrichment, *quantum meruit*, violation of California's "prompt payment" statutes, and foreclosure of a mechanic's lien. Blattner was the original general contractor on the construction project.

     3.     On or about May 10, 2005, Solveson's chapter 11 bankruptcy case was converted to Chapter 7 and Larry Gray was appointed chapter 7 trustee.

     4.     On or about June 24, 2005, Blattner filed with this Court a Notice of Removal, alleging this Court has jurisdiction over Solveson's lawsuit pursuant to Title 28 U.S.C. Section 1334(b) because it is related to a case under Title 11 and pursuant to Title 28 U.S.C. Section 1332 based on diversity jurisdiction.

     5.     On or about July 1, 2005, Blattner filed its answer to the complaint.

     6.     On or about July 25, 2005, Solveson filed a motion to remand the case. The motion was calendared to be heard on September 9, 2005.

     7.     On or about August 19, 2005, Blattner filed a motion to stay the instant case and compel arbitration. The motion was calendared to be heard on September 26, 2005. On August 22, 2005, the Court continued the hearing on Solveson's remand motion to September 26, 2005, so that it could be heard concurrently with Blattner's motion to stay the case and compel arbitration.

     8.     Blattner obtained relief from the automatic stay in Solveson's bankruptcy case, allowing Blattner to assert such counterclaims in this case, which Blattner has done, and to which Mr. Gray has responded.

     9.     On or about September 12, 2005, the parties submitted to the Court a joint stipulation continuing the hearings on the motion to remand the case and the motion to stay the case and compel

PDF created with pdfFactory trial version www.pdffactory.com

1  arbitration. The stipulation stated the parties anticipate holding the mediation within the next
2  60 days, and, accordingly, requested the Court to continue the hearings on both motions to
3  December 5, 2005 (or another date and time convenient to the Court).

4      10.    The stipulation was so ordered by the Court on September 16, 2005. The Court
5  continued the hearings on both motions to December 12, 2005, to be heard by the Honorable
6  Oliver W. Wanger.

7      11.    At the time of Mr. Gray's appointment, plaintiff was represented by Weintraub
8  Genshlea Chediak which had filed the action on Solveson's behalf, and was still counsel when
9  Mr. Gray succeeded to plaintiff's right to prosecute the action. In the interim, two attorneys with that
10 firm who had primary responsibility for representing plaintiff, Donna T. Parkinson and Thomas G.
11 Trost, left the firm. As a result, Mr. Gray sought other counsel. On November 21, 2005, the
12 bankruptcy court appointed McDonough Holland & Allen PC as counsel for Mr. Gray in this action.

13     12.    The parties mediated the matter before mediator Kenneth C. Gibbs on March 10,
14 2006. The parties reached settlement at the mediation. A true and correct copy of the settlement
15 terms, handwritten at the mediation, is attached hereto as **Exhibit A**. The parties are in the process
16 of preparing a more formal settlement agreement.

17     13.    Rule 9019(a) of the Fed.R.Bankr.P. requires approval by the Bankruptcy Court, on
18 notice to parties in interest in the bankruptcy case, of a trustee's compromise or settlement. The
19 Local Rules of Practice for the Eastern District of California Bankruptcy Courts require 28 days'
20 notice of hearings.

21     14.    Based on the fact that the parties have agreed to settle this case and, if the Bankruptcy
22 Court approves the settlement (as the parties believe it will), the Court may not need to hear and
23 decide two potentially dispositive motions. It is thus in the interests of judicial efficiency and
24 economy to continue the hearings on the motions to remand and to compel arbitration until the
25 Bankruptcy Court determines whether to approve the settlement.

26     15.    In the event Bankruptcy Court approval is not obtained, the parties request a
27 continued hearing date on May 15, 2006.

28     WHEREFORE, the parties jointly request that the hearings on the motions for remand and to

1  compel arbitration be heard on May 15, 2006, **at 10:00 a.m.** to allow the parties an opportunity to
2  obtain Bankruptcy Court approval of the settlement.
3  Dated: March 21, 2006

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: */s/ Mary E. Olden*
         Mary E. Olden

Attorneys for Lawrence G. Gray, as Bankruptcy Trustee for Solveson Crane Company

Dated: March 21, 2006

FABYANSKE, WESTRA, HART & THOMSON, P.A.


By: */s/ Kyle E. Hart*
         Kyle E. Hart

Attorneys for Defendants D. H. Blattner & Sons, Inc., et al.

**IT IS SO ORDERED**

Dated:      March 22, 2006          /s/ OLIVER W. WANGER
                                    HON. OLIVER W. WANGER
                                    JUDGE OF THE U. S. DISTRICT COURT



- 4 -

| COURT: | United States District Court, Eastern District of California, Fresno Division No. 1:05-CV-00826-OWW-SMS |
|---|---|
| CASE: | *Solveson Crane Company v. D. H. Blattner & Sons, Inc., et al.* |

## PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California. I am over the age of 18 years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 21, 2006, I served a copy of the attached:

**Stipulation and Proposed Order Continuing Hearings on Motions to Remand and to Compel Arbitration**

☒ **by transmitting via email** the document(s) listed above on this date before 5:00 p.m.

Representing D. H. Blattner & Sons, Inc.    Kyle E. Hart, Esq.
Fabyanske, Westra, Hart and Thomson, P. A.
800 LaSalle Avenue , Suite 1900
Minneapolis, MN 55402
**email: khart@fwhlaw.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on March 21, 2006.

                */s/ Marsha Stamper*
                MARSHA STAMPER



Mediated Settlement Agreement

March 10, 2006

1. This mediated settlement agreement ("Agreement") is entered into by D. H. Blattner & Sons, Inc. ("Blattner") and Lawrence G. Gray, bankruptcy trustee for Solveson Crane Company ("Gray"), collectively referred to as the "Parties."

2. Blattner and Gray have engaged in U.S. District Court, Eastern District of California Case no. 1:05-CV-00826-OWW-SMS (the "Action") regarding the Oasis Wind Farm project in Kern County, California (the "Project"). This agreement resolves Gray's claims against Blattner on behalf of Solveson, and Blattner's claims against Gray.

3. This settlement is subject to approval by the Bankruptcy court in the Eastern District.

4. The material terms of this settlement agreement are as follows:

   a. The parties intend this handwritten document to be binding and

EXHIBIT A

- 6 -

admissible to enforce this Agreement even if a more formal document is written later.

b. Blattner will pay Gray the sum of $825,000.00 (Eight Hundred Twenty-~~Five~~ Thousand an no/100 dollars) by ~~at~~ 30 days after entry of the bankruptcy court's order approving the settle~~ment~~. Blattner will bear the cost of resolving United Rentals' claim ~~in the approximate amount of $~~ 9x ~~declaratsten~~

c. Upon payment of the sum in item 4.b. above, this document shall be effective as a mutual release by the Parties with Civil Code Section 1542 waiver, of all claims that were asserted or could have been asserted in the Action and/or arising out of the Project. Neither Party's warranty rights or obligations shall be expanded or diminished by this Agreement.

d. Upon payment of the settlement sum set forth in ~~any~~ paragraph 4.b., above, the Parties shall cause the entire Action to be dismissed, with prejudice. Each party shall bear its own fees and costs. Blattner will withdraw its proof of claim in the bankruptcy court, and warrants that it will not file any additional claims.

EXHIBIT A

PDF created with pdfFactory trial version www.pdffactory.com

*This settlement shall be reviewed by the mediator.* ~/3

| | |
|---|---|
| Approved as to form and content: | D.H. Blattner & Sons, Inc. |
| By: _Kyle Hart_ | By: _[signature]_ |
| | Its: Gen. Counsel / Exec. V.P. |
| Approved as to form and content: | LAWRENCE G. GRAY, bankruptcy trustee for Solveson Crane Company |
| By: _Mary E. Olden_ | _Lawrence Gray_ |

EXHIBIT A

- 8 -

Stip. and Proposed Order Cont. Hearings on Motions to Remand and to Compel Arbitration    877106v4 35894/0001

MHA
Donough Holland & Allen PC
Attorneys at Law

PDF created with pdfFactory trial version www.pdffactory.com